IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT LAMBI,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA,  THE UNITED STATES DEPARTMENT OF JUSTICE,  THE DRUG ENFORCEMENT ADMINISTRATION,  THE DEPARTMENT OF HOMELAND SECURITY,  THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,  THE MISSOURI HOUSING DEVELOPMENT COMMISSION, THE INTERNAL REVENUE SERVICE, and JOHN AND JANE DOES 1-50, Federal Agents, Officers, Employees and Contractors;<br><br>    Defendants. | **8:26CV101**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on pro se plaintiff Brent Lambi's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 6).  For the reasons set forth below, the motion will be denied.

Briefly summarized, Plaintiff's complaint alleges concerted and individual efforts by Defendants to violate Plaintiff's civil rights and inflict harm.  (Filing No. 5.)  Defendants include the United States government, various federal agencies, the Missouri Housing Development Commission, and unidentified federal agents.  (Filing No. 5.)  Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeks the Court to enjoin Defendants from surveilling Plaintiff, collecting any taxes or assessments from Plaintiff, interfering with attorney-client communications, enforcing any adverse action proceedings against the property associated with Plaintiff's father,[1] or altering or destroying any records referencing Plaintiff. (Filing No. 6.)

---

[1] The Court would note that, as a pro se litigant, Plaintiff cannot represent the interests of other parties, such as his father Leo Lambi.  *Barber v. Frakes*, No. 8:18CV410, 2020 WL 5849330, at *2 n.2 (D. Neb. Oct. 1, 2020), *aff'd*, No. 20-3406, 2021 WL 1977701 (8th Cir. Jan. 20, 2021).

The Court finds that Plaintiff's request for a temporary restraining order has not been properly presented under Fed. R. Civ. P. 65(b)(1). A court may issue temporary restraining order without written or oral notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

The record shows that Defendants have not yet been served in this case, and nothing on the record indicates that Plaintiff provided oral or written notice of this motion to any defendant listed in the Complaint. Therefore, for the Court to be able to issue a temporary restraining order, Plaintiff needed to have set forth specific facts in an affidavit or a verified complaint that clearly show immediate and irreparable harm will occur before the adverse party could be heard *and* provide a written certification of any efforts made to give notice.

Neither requirement is met here. Plaintiff did not submit an affidavit but did file a verified complaint. (*See* Filing No. 5 at 9.) However, this verified complaint does not contain specific facts that indicate why relief is necessary before Defendants can be heard in opposition. Plaintiff, acting pro se, also does not certify in writing any efforts he made to give notice to Defendants. Indeed, Plaintiff "certifies" that he has not given prior notice because notice would give Defendants the opportunity to spoliate evidence before this Court could act and the ongoing nature of harm "is such that immediate relief is necessary to preserve the status quo." (Filing No. 6 at 5.) However, Defendant fails to provide *specific* facts in his verified complaint supporting his concerns regarding spoliation. (*See* Filing No. 5.) In addition, Plaintiff indicates the majority of these matters have been going on for decades. (*See* Filing No. 5.)

A temporary restraining order is an emergency remedy which should be issued only in exceptional circumstances. *Zidon v. Pickrell*, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004). Plaintiff's filings fail to meet his burden to explain why notice should not be required. Therefore, the Court will deny the motion for an emergency temporary restraining order.

Plaintiff's motion also appears to request an emergency preliminary injunction without notice to Defendants. Fed. R. Civ. P. 65(b)(1) provides, "The court may issue a preliminary injunction only on notice to the adverse party." Plaintiff has not provided notice of this action or motion to Defendants, nor have the Defendants yet been served. Therefore, the Court cannot issue a preliminary injunction at this time. To the extent that the motion also requests a preliminary injunction after service of process, the Court will address the motion after Defendants are served with process and have responded to Plaintiff's motion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 6) is denied in part. The Court will not issue a temporary restraining order or an emergency preliminary injunction.

2. To the extent that Plaintiff's motion seeks a preliminary injunction after service of process is made on Defendants, Defendants shall respond to Plaintiff's motion for preliminary injunction within 14 days of effective service of process.

Dated this 20th day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge