IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENT LAMBI,

Plaintiff,                              **8:26CV101**

vs.

UNITED STATES OF AMERICA, et. al.,      **ORDER**

Defendants.

This matter is before the court on Plaintiff's Emergency Motion to Compel (Filing No. 40). For the following reasons, the motion is denied.

Plaintiff Brent Lambi, proceeding *pro se*, filed this action on March 9, 2026. (Filing No. 1). On March 10, 2026, the court denied Plaintiff's initial motion to compel FOIA compliance without prejudice and directed Plaintiff to file a proper complaint. (Filing No. 4). Plaintiff filed the complaint on March 19, 2026. (Filing No. 5). Since that date, Plaintiff has filed numerous motions seeking various forms of emergency and preliminary relief, all of which have been denied. (*See* Filing Nos. 7, 9, 17, 20, 23, 35, 36). On May 22, 2026, Plaintiff filed returns of service indicating that six named defendants -- the Department of Homeland Security, the Missouri Housing Development Commission, the Drug Enforcement Administration, the Internal Revenue Service, the Department of Housing and Urban Development, and the United States Department of Justice -- were served. (Filing Nos. 28-33). No defendant has yet responded to the complaint.

Plaintiff filed the present motion on June 4, 2026. (Filing No. 40). Plaintiff's motion seeks an order compelling each named federal agency to produce every record referencing Plaintiff from his date of birth to the present, without redaction, in native and unaltered

format. The motion targets not only named defendants, but several agencies that are not parties, including the CIA, the Department of State, the Federal Trade Commission, and the U.S. Postal Inspection Service. It further demands indices for any withheld documents, *in camera* judicial review of all claimed exemptions, and sworn declarations from each agency's FOIA officer confirming the completeness of production. Any defendant failing to comply within fourteen days, Plaintiff contends, should be held in contempt, subjected to an adverse inference, and sanctioned with escalating daily monetary penalties. The motion is denied for three independent reasons.

First, a FOIA challenge must be brought as a separate lawsuit. By its plain terms, FOIA provides that a requester may challenge an agency's adverse determination "on complaint," meaning by filing a complaint to initiate a distinct federal action. 5 U.S.C. § 552(a)(4)(B); *see Lincoln Nat'l Bank v. Lampe*, 421 F. Supp. 346, 348 (N.D. Ill. 1976). Plaintiff cannot initiate a FOIA enforcement action within this existing proceeding by way of a motion to compel.

Second, to the extent the motion seeks relief directed at agencies not named as defendants in this case, it must be denied. Mandamus lies only to compel an officer or employee of the United States "who is a party to [the] action." 28 U.S.C. § 1361; *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). This court therefore cannot order nonparties to produce records in this litigation.

Third, even as to the named defendants who have now been served, discovery has not yet commenced. No defendant has responded to the complaint and no scheduling order has issued. A plaintiff may not obtain discovery, whether framed as a motion to compel or otherwise, before defendants have appeared and responded. *See* Filing No. 35 (denying motions seeking discovery as premature because "discovery cannot commence until service has been properly accomplished and Defendants have responded to the Complaint"); Filing No. 36 (same).

Finally, the designation of this motion as an "emergency" is unsupported by the record. Plaintiff has filed numberous motions in this case styled as emergency requests, each of which has been denied. This court has repeatedly instructed Plaintiff that he must accomplish service and wait for Defendants' responses to the complaint before seeking further relief. (*See* Filing Nos. 4, 7, 9, 17). The present motion identifies no imminent deadline, no threat of harm that would occur before the matter could be addressed in the ordinary course of discovery, and no circumstances that distinguish it from Plaintiff's prior filings. The passage of time and Plaintiff's frustration with the pace of litigation do not, on their own, make a motion an emergency.

Plaintiff is again reminded that although he is proceeding *pro se*, he is required to comply with the Federal Rules of Civil Procedure, this court's local rules, and all court orders. Plaintiff has now filed more than fifteen motions in this case, the majority of which have been denied as frivolous, premature, or procedurally improper. The court may, in its discretion, place reasonable restrictions on any litigant who submits non-meritorious filings, including dismissal of the action, a bar on future filings, or restrictions on filing any new lawsuits in this court. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (*quoting People of the State of Colorado v. Carter,* 678 F.Supp. 1484, 1486 (D.Colo. 1986)). Plaintiff is again reminded to govern himself accordingly or those sanctions may follow.

Accordingly, IT IS ORDERED that Plaintiff's Emergency Motion to Compel (Filing No. 40) is denied.

Dated this 10th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

3