IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT LAMBI, | |
| | |
| Plaintiff, | **8:26CV101** |
| | |
| vs. | |
| | **ORDER TO SHOW CAUSE** |
| UNITED STATES OF AMERICA,  THE UNITED STATES DEPARTMENT OF JUSTICE,  THE DRUG ENFORCEMENT ADMINISTRATION,  THE DEPARTMENT OF HOMELAND SECURITY,  THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,  THE MISSOURI HOUSING DEVELOPMENT COMMISSION,  THE INTERNAL REVENUE SERVICE, and  JOHN AND JANE DOES 1-50, Federal Agents, Officers, Employees and Contractors; | |
| | |
| Defendants. | |

This matter is before the court on its own review of the docket and on correspondence the Clerk of Court received. On May 27, 2026, the court specifically stated, "…discovery cannot commence until service has been properly accomplished and Defendants have responded to the Complaint. This has not happened." (Filing No. 35). The court repeated that instruction on June 10, 2026. (Filing No. 41). On May 22, 2026, Plaintiff filed returns of service indicating that he served six named defendants. (Filing Nos. 28-33).

It remains unknown whether that service satisfies Fed. R. Civ. P. 4(i). As of today, no defendant has appeared or otherwise responded to Plaintiff's Complaint.

Plaintiff nonetheless served three non-party subpoenas pursuant to Fed. R. Civ. P. 45 and filed executed returns on June 4, 2026. (Filing No. 37, Filing No. 38, Filing No. 39). Plaintiff served the subpoenas without complying with Fed. R. Civ. P. 45(a)(4), which requires a party to serve notice and a copy of the subpoena on each party before serving the nonparty. This district's local rules impose an additional requirement: the serving party must give the opposing party notice and an opportunity to object before a subpoena issues. *See* NECivR 45.1. Because no defendant has appeared, no party had that opportunity. Plaintiff further served these subpoenas in direct violation of the court's May 27, 2026 order advising that discovery cannot yet commence.

On June 16, 2026, the Clerk of Court advised the undersigned that the Dodge County Sheriff's Department had produced documents in response to Plaintiff's subpoena to Sheriff Dustin Weitzel. (*See* Filing No. 38). That subpoena sought records relating to Plaintiff, Plaintiff's 2026 Honda CR-V, communications with any federal agency, communications with Blackburn Towing, and "all other relevant evidence."[1]

Plaintiff has now disregarded the court's orders requiring compliance with the Federal Rules and this district's local rules, including by issuing discovery without authorization. The court previously warned Plaintiff that continued noncompliance could result in sanctions. (Filing No. 35, Filing No. 41). Rule 11(b) requires Plaintiff, even as a *pro se* litigant, to certify that each paper he presents to the court is not filed for an improper purpose and is warranted by existing law. *See* Fed. R. Civ. P. 11(b). Plaintiff has now filed more than fifteen motions in this case, and the court has denied most as frivolous, premature, or procedurally improper. The unauthorized subpoenas add to that pattern.

Rule 11 authorizes sanctions for such conduct, including monetary penalties or nonmonetary directives, such as a restriction on future filings. Fed. R. Civ. P. 11(c). Rule

---

[1] Although the court has received these documents, they are not filed on the docket.

45(d)(1) separately authorizes sanctions, including additional monetary penalties. Fed. R. Civ. P. 45(d). The court may also, in its discretion, restrict a litigant who persists in submitting non-meritorious filings, up to and including dismissal of the action, a bar on future filings in this case, or restrictions on filing new lawsuits in this court. *See In re Tyler,* 839 F.2d 1290, 1293 (8th Cir. 1988) (quotation omitted).

Accordingly, IT IS ORDERED that Plaintiff shall show cause on or before July 15, 2026, why sanctions should not be imposed under Fed. R. Civ. P. 11, Fed. R. Civ. P. 45(d)(1), and the court's inherent authority.

Dated this 24th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge