IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT LAMBI,<br><br>      Plaintiff,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,  et. al.;<br><br>      Defendants. | **8:26CV101**<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Change Venue (Filing No. 43). For the following reasons, the motion is denied.

Plaintiff moves under 28 U.S.C. § 1404(a) to transfer this action to the District of Idaho. He cites his relocation to Saint Maries, Idaho as the sole reason for the transfer.[1] (Filing No. 43). Although the Plaintiff returned executed summonses as to each named Defendant, no Defendant has appeared. (Filing Nos. 28-33). As such, no one has had the opportunity to respond to this motion. Nonetheless, the court finds that the motion is premature and denies it without prejudice to reassertion.

Section 1404(a) permits transfer "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden of establishing that transfer is warranted. He must make a convincing showing of the right to transfer. As a threshold matter, § 1404(a) limits transfer to districts where the action "might

---

[1] Plaintiff's motion also seeks transfer of a related action pending in the Western District of Missouri, Case No. 4:2025-cv-00796. This court has no jurisdiction over that case and no knowledge of the facts underlying it. As such, this order does not address it.

have been brought." 28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Plaintiff's own complaint invoked venue in this District under 28 U.S.C. § 1391(b). He based that venue on his residence in Omaha and the occurrence of a substantial part of the events here. (*See* Filing No. 5, at para. 5). The present record does not establish that this action, as originally framed, could have been brought in the District of Idaho. No Defendant is alleged to reside or be found there. No event pleaded in the complaint is alleged to have occurred there. Plaintiff's motion does not address this threshold requirement. Beyond Plaintiff's recent relocation, the record reflects no connection between this litigation and the District of Idaho. No Defendant, witness, document, or event identified in the complaint ties to Idaho in any respect. Plaintiff's residence in that district, standing alone, does not establish Idaho as an appropriate forum for this litigation as a whole.

Even setting the threshold question aside, the case-specific factors do not favor transfer. Courts weigh the convenience of the parties, the convenience of witnesses, the location of relevant conduct and evidence, judicial economy, and the interests of justice, among other considerations. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). First, the location of the conduct at issue does not favor transfer. The complaint alleges surveillance in Kansas City, Missouri, and Black Hawk, Colorado. It alleges interference with medications shipped from Kansas City, financial account interference while Plaintiff resided in Mexico, an IRS assessment tied to a Kansas City-based audit, and an enforcement action against a HUD property in Webster City, Iowa. (Filing No. 5, at paras. 17-30). None of the operative conduct described in the complaint occurred in or near Idaho.

The witness convenience factor similarly does not favor transfer. Plaintiff identifies witnesses in Kansas City, Missouri, and Omaha, Nebraska, as available to testify to the surveillance incidents. (Filing No. 5, at paras. 18-19, 29). He points to the Iowa State Patrol as holding relevant records relevant. (Filing No. 5, at para. 29). He also names the Husch Blackwell law firm and one of its attorneys, both of Kansas City, as recipients of intercepted communications. (Filing No. 5, at paras. 33-34). He identifies a Berkshire

Hathaway HomeServices agent as a further witness, without alleging any Idaho connection. (Filing No. 5, at para. 35). Every non-party witness or evidentiary source in the complaint sits in Nebraska, Missouri, Iowa, or Colorado. Plaintiff identifies no witness, record, or evidentiary source that would make Idaho more convenient than Nebraska.

The convenience of the parties favors transfer only as to Plaintiff himself. Plaintiff proceeds *pro se*, and his ability to access the forum court bears on the convenience analysis. But the individual convenience of a *pro se* litigant does not, standing alone, outweigh the convenience of the witnesses and the location of the underlying conduct. Transfer would simply shift the burden of a distant forum from Plaintiff to every witness and evidentiary source identified in his complaint. *See Terra Int'l,* 119 F.3d at 696-97 (merely shifting the inconvenience from one side to the other is not a permissible justification for transfer); *Burkemper v. Dedert Corp.*, 2011 WL 5330645, at *3 (E.D. Mo. Nov. 7, 2011) (denying transfer where the moving party's forum was more convenient for it but non-party witnesses were concentrated in the plaintiff's chosen forum).

Judicial economy and Plaintiff's own choice of forum also favor retention. This case has been pending since March 2026 and has generated substantial motion practice, including multiple requests for emergency relief and a pending Order to Show Cause. (*See* Filing Nos. 1, 6, 8, 18, 21, 40, 42). This court knows that record. A new court would have to learn it from scratch, and Idaho offers no connection to the case that would justify that cost. Plaintiff also chose Nebraska as his forum, and federal courts give considerable deference to that choice. *Terra Int'l,* 119 F.3d at 695. Nothing in the record justifies disturbing it.

Finally, the absence of any Defendant weighs against transfer at this stage. The court has repeatedly told Plaintiff that this case cannot proceed until Defendants are served and have responded to the complaint. (*See* Filing No. 9, Filing No. 17, Filing No. 20, Filing No. 35, Filing No. 36). Defendants have not had the opportunity to identify their own witnesses, records, or convenience considerations, and the court cannot fully weigh the §

1404(a) factors without that information. Deciding the transfer question now, before Defendants have appeared, would necessarily favor only one side.

The Clerk has updated Plaintiff's address of record to reflect his Idaho address, consistent with his notice of change of address. (Filing No. 43). Plaintiff will continue to receive notice of all filings and orders in this case at that address. If Plaintiff wishes to pursue this case in a different forum, the procedures set forth in Federal Rule of Civil Procedure 41 remain available to him.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Change Venue (Filing No. 43) is denied without prejudice.

Dated this 1st day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

4