IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENT LAMBI,

Plaintiff,

vs.

UNITED STATES OF AMERICA, at al.;

Defendants.

**8:26CV101**

**ORDER**

This matter is before the court on its own review of the docket. Two issues warrant attention. First, whether Plaintiff has completed proper service on the six named defendants for whom returns have been filed. Second, what sanctions are warranted by Plaintiff's unauthorized subpoenas and his failure to respond to the court's June 24, 2026 order to show cause. (Filing No. 42).

**A. Service of Process**

Plaintiff filed returns of service for six defendants on May 22, 2026: the Department of Homeland Security (Filing No. 28), the Missouri Housing Development Commission (Filing No. 29), the Drug Enforcement Administration (Filing No. 30), the Internal Revenue Service (Filing No. 31), the Department of Housing and Urban Development (Filing No. 32), and the United States Department of Justice (Filing No. 33). None of those six returns shows that service was properly completed under Rule 4.

First, the rules require that someone other than the plaintiff serve the summons. Rule 4(c)(2) says the person who serves the summons must be at least 18 years old and not a party to the case. Fed. R. Civ. P. 4(c). Each of the six returns lists Plaintiff, Brent Lambi,

as the person who served it, and each uses his own post office box as the return address. A plaintiff cannot serve his own summons. This problem alone renders all six returns deficient.

Second, five of the six defendants are federal agencies: the Department of Homeland Security, the Drug Enforcement Administration, the Department of Housing and Urban Development, the Internal Revenue Service, and the Department of Justice. Serving a federal agency takes more than serving the agency itself. Rule 4(i)(1) also requires the plaintiff to serve the United States. Fed. R. Civ. P. 4(i)(1)(A)-(B). Plaintiff's returns for those agencies do not show that this additional requirement was met, so service remains incomplete as to each of them, independent of the self-service defects noted above.

Third, the sixth defendant, the Missouri Housing Development Commission, is not a federal agency, but a state-created entity, so it is governed by a different rule, Rule 4(j)(2). Under that rule, Plaintiff is required to either deliver the summons and complaint to the Commission's chief executive officer or to serve it in whatever manner Missouri law allows. The return shows only that something was mailed by certified mail to a general corporate address. It does not name a chief executive officer or show that Missouri law permits service this way, making service on this defendant also deficient.

The service rules provide that if "a defendant is not served within 90 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant or order that service be made within a specified period of time." Fed. R. Civ. P. 4(m). The complaint in this matter was filed on March 19, 2026, meaning Plaintiff is beyond the deadline to complete service. He has been instructed or reminded to complete service several times, including by the district judge in her Memorandum and Order filed on March 20, 2026 (Filing No. 7, at p. 3), by the undersigned on March 24, 2026 (Filing No. 17, Text Order denying Plaintiff's motions for temporary restraining order and emergency relief), again by the undersigned on May 7, 2026 (Filing No. 20, Text Order denying Motion to Reconsider), and again by the district judge in her Memorandum and Order filed May 13, 2026 (Filing No. 35). While it appears

Plaintiff made some attempt to complete service after those instructions, the service on each defendant remains deficient for the reasons already noted.

Rule 4(m) thus mandates dismissal of this action without prejudice unless good cause be shown for the failure. Plaintiff shall accordingly have thirty (30) days from the date of this order to properly complete service on all six defendants listed above, following the requirements of Rule 4(i) and Rule 4(j)(2), or show good cause for the failure to serve. If Plaintiff does not do so, the court will recommend that this matter be dismissed as to any unserved defendant without prejudice.

**B. Order to Show Cause**

On May 27, 2026, the court advised Plaintiff that discovery could not begin until service was properly completed and the defendants had responded to the complaint. (Filing No. 35). The court repeated that instruction on June 10, 2026. (Filing No. 41). Despite both orders, Plaintiff served three non-party subpoenas under Rule 45 and filed executed returns on June 4, 2026. (Filing No. 37, Filing No. 38, Filing No. 39).[1] That conduct violated the applicable rules and the court's own orders, and a consequence is warranted.

Several rules independently barred Plaintiff from issuing these subpoenas. Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have held the conference required by Rule 26(f), unless the court has authorized earlier discovery. No such conference has occurred here, and none could have because no defendant has yet appeared in the case and we now know why. Rule 45(a)(4) separately requires a party to give notice, and a copy of any subpoena, to every other party before serving it on a nonparty. Because no defendant received notice, Plaintiff could not have satisfied this requirement even if he had tried. This district's local rules add a further requirement, that the party issuing a subpoena give the opposing party notice and a chance to object before the subpoena is served. NECivR 45.1. Again, no party had that opportunity

[1]On June 16, 2026, the Clerk of Court advised the undersigned that the Dodge County Sheriff's Department had produced documents in response to Plaintiff's subpoena to Sheriff Dustin Weitzel. (*See* Filing No. 38).

here. These violations are made more serious by the fact that the court had already told Plaintiff that discovery could not yet begin. The May 27 order came before Plaintiff served any of the three subpoenas. So this was not simply a violation of the general timing rules under Rule 26(d)(1) and the local rules, but a direct violation of an existing order of this court and the kind that warrants some sanction under Fed. R. Civ. P. 37(b)(2).

One of the three subpoenas, served on Dodge County Sheriff Dustin Weitzel (Filing No. 38), sought records relating to Plaintiff, Plaintiff's vehicle, communications with any federal agency, communications with a towing company, and, in Plaintiff's own words, "all other relevant evidence." The Dodge County Sheriff's Department produced documents in response. Those documents were sent to the court, but they have not been filed on the docket.

On June 24, 2026, the court ordered Plaintiff to show cause why sanctions should not be imposed for violating the court's order. (Filing No. 42). Plaintiff did not respond by the court-ordered deadline. The court's authority to sanction Plaintiff rests on Fed. R. Civ. P. 37(b)(2), Fed. R. Civ. P. 45(d)(1), and the court's inherent authority to enforce its own orders and to address conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). Given a direct opportunity to explain his conduct, Plaintiff offered nothing and his silence leaves the violation unanswered and forecloses any argument that he lacked notice or a chance to be heard.

The court declines, at this point, to impose the most severe sanction available, such as dismissal of the case or a broad restriction on Plaintiff's ability to file in other cases. Dismissal as a discovery sanction ordinarily requires an order compelling discovery, a willful violation of that order, and prejudice to the opposing party. *See Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000). As explained above, no defendant has properly been served, and none has yet appeared in this case. Although the subpoenas were served in willful violation of the court's orders, no prejudice to any party has been shown, since no defendant has appeared. Two of the three requirements for dismissal are therefore

absent, even assuming the first could be met. *See also In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (further filing restrictions require a similarly developed record).

A more limited remedy is nonetheless warranted. The documents the Dodge County Sheriff's Department produced in response to the subpoena will be excluded from this case for all purposes. Plaintiff may not use those documents, or their contents, in any pleading, motion, or other filing or proceeding in this case, and he may not obtain them again through a later subpoena or request without first obtaining this court's permission. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (sanctions warranted for discovery abuses including issuing subpoenas without notice to the opposing party); *see also Streblow v. Club 180*, 2026 WL 904277, at *17–18 (D. Neb. Apr. 2, 2026) (excluding for all purposes a police report obtained via subpoena served in violation of Fed. R. Civ. P. 26(d)(1) and NECivR 45.1(b)). The subpoenas at Filing No. 37 and Filing No. 39 are likewise quashed to the extent they have not already been returned. Plaintiff shall not issue any further discovery, including any Rule 45 subpoena, without first asking for and receiving the court's permission. Plaintiff is once again warned that any further violation of the court's orders, including any further attempt to seek discovery before service is complete and the defendants have appeared, may result in more serious sanctions, up to and including dismissal of this case or restrictions on Plaintiff's ability to file further papers in it.

Accordingly, IT IS ORDERED:

1. Within thirty (30) days, or on or before September 6, 2026, Plaintiff shall properly serve the Defendants in compliance with Fed. R. Civ. P. 4, or show good cause for his failure to serve. Failure to timely and properly complete service or to show sufficient good cause may result in dismissal of any unserved defendant without further notice.
2. The subpoenas at Filing No. 37 and Filing No. 39 are hereby quashed to the extent not already returned.

3. The documents produced in response to the subpoena served on Sheriff Dustin Weitzel (Filing No. 38), and which were later received by the Clerk's Office, shall be excluded for all purposes in this litigation. Plaintiff may not use, file, or re-obtain those documents or their contents absent further order of this court. The clerk's office shall file the documents received on the docket as restricted for purposes of identification.
4. Plaintiff shall not issue any further discovery, including any subpoena under Fed. R. Civ. P. 45, without first seeking and obtaining leave of court.

Dated this 7th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge